Lloyd A. CHANDLER, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. No. 82–3036.

United States District Court,
W.D. Arkansas,
Harrison Division.

April 22, 1983.

Frederick S. "Rick" Spencer, Mountain Home, Ark., for plaintiff.

W. Asa Hutchinson, U.S. Atty., and Mark W. Webb, Asst. U.S. Atty., Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

HENLEY, Senior Circuit Judge.

Plaintiff, Lloyd A. Chandler, seeks judicial review pursuant to 42 U.S.C. § 405(g) of a final decision of the Secretary of Health and Human Services denying plaintiff's application for disability benefits.

Plaintiff, a thirty-one year old male, was injured in 1978 while working for Travenol Laboratories. At that time his job was heavy in nature and required heavy lifting.

After several months' recovery, plaintiff returned to Travenol as a "floater," that is, he performed several types of jobs for employees who were absent. Plaintiff testified that this job was supposed to have consisted of lighter work, but that in fact the work was sometimes heavy and that, as a result of conflicts with his supervisor, he left his job in May, 1980, and has not worked since.

The administrative law judge (ALJ) applied the test set forth in 20 C.F.R. § 404.1520 which requires the claimant to show that he is not working, that he has a severe impairment, and that his impairment prevents him from performing past relevant work.[1] The evidence considered by the ALJ consisted of both physical and mental medical reports, and plaintiff's testimony. The ALJ found that plaintiff continued to suffer pain from his injury in 1978, but that he had the residual functional capacity to perform light and sedentary work. *See* 20 C.F.R. § 404.1545. With respect to plaintiff's mental condition, the ALJ found that plaintiff suffered from a neurotic or phobic reaction to the injury and to subsequent work-related events, but that this did not prevent plaintiff from performing substantial gainful work activities.[2] After reviewing plaintiff's past relevant work as a floater at Travenol, a carpenter, a self-employed hog farmer, and a gas station attendant, the ALJ found that plaintiff could perform his past job as a service station attendant, which is rated as light work. The ALJ further found that even if plaintiff was unable to work as a gas station attendant, he could perform other substantial work activity.[3]

After careful review, the court concludes that there is substantial evidence on the record to support the ALJ's findings. *See* 42 U.S.C. § 405(g). Although plaintiff testified that he suffered pain, and the ALJ apparently accepted this testimony to some extent, Dr. Snow, plaintiff's attending physician, discovered no physical source of plaintiff's assertions of continued pain. The evidence shows that plaintiff can walk, sit, and drive, at least for short periods at a time. While to some extent there is reflected in the opinion of the ALJ a continuing and disturbing administrative reluctance to recognize pain decisions of the courts of the Eighth Circuit, *see, e.g., Simonson v. Schweiker,* 699 F.2d 426, 429 (8th Cir.1983); *McDonald v. Schweiker,* 698 F.2d 361, 365 (8th Cir.1983), *and cases cited therein,* there is substantial evidence in the record as a whole supporting the conclusion that the pain from which plaintiff suffers is not disabling. As for plaintiff's mental condition, the evidence indicates that plaintiff's difficulties are largely connected to a particular person or persons at Travenol. Thus, there appears to be no reason, in terms of plaintiff's mental condition, why plaintiff cannot perform the same type of work elsewhere.[4]

Accordingly, judgment will be entered affirming the decision of the ALJ and denying plaintiff's motion to remand.

---

1. The burden then shifts to the government to show that claimant's impairment prevents him from doing any other work.

2. The ALJ questioned whether plaintiff could return to Travenol, however, because plaintiff apparently harbored a great deal of anger toward his former supervisor based on perceived discrimination against him by the supervisor.

3. Plaintiff contends that this finding, and perhaps other findings as well, was based in part on evidence, consisting of a vocational expert's report, submitted after the hearing over plain-

tiff's objection. Because the court finds substantial evidence apart from this report to support the ALJ's finding that plaintiff can perform previous work, it is not necessary to determine whether the ALJ erred in considering the vocational expert's report.

4. Plaintiff has offered a supplemental statement by his psychiatrist, Dr. Boyle, as support for his motion to remand. Even assuming that this statement may properly be considered newly discovered evidence, the court does not view the statement as inconsistent with the ALJ's findings.